1

2

3

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

4    RENARD T. POLK,                          3:16-cv-00652-MMD-CBC

5                         Plaintiff,

6      v.                            **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

7

8    TARA CARPENTER *et al.,*

9                      Defendants.

10

11

12

      This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

13

14

15

16

17

18

19

20

21

22

23

24

25

      This case involves a civil rights action filed by Plaintiff Renard T. Polk ("Polk") against various defendants who are known, and in some cases unknown, current and/or former employees of the Nevada Department of Corrections ("NDOC"). Currently pending before the Court is a motion for summary filed by Defendants James Donnelly and Ronald Waldo. (Referred to collectively as "Defendants"). The motion for summary judgment argues that Polk failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") with respect to the allegations in the first cause of action. (ECF No. 34). Based on this alleged failure to exhaust, Defendants argue that the first cause of action must be dismissed. Polk opposed arguing that he had exhausted the available administrative remedies, pointing to the filing of Grievance Number 2006-301-1909, and asserting that his grievance was late due to his inability to access his personal effects.  (ECF Nos. 37, 40). In reply, Defendants assert Polk's arguments lack merit because Grievance Number 2006-301-1909 fails to address any of Polk's allegations in his complaint.  (ECF Nos. 39, 41).  For the reasons stated below, the court recommends Defendants' motion for summary judgment (ECF No. 34) be denied.

26

27

28

I.      **BACKGROUND**

        A.      Procedural History

        Polk is currently in the custody of NDOC. On November 9, 2016, Polk submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis. In the complaint, Polk asserted various claims against multiple defendants for events that took place at Lovelock Correctional Center ("LCC") and Ely State Prison ("ESP") in approximately 2015. (ECF No. 1-1 at 1). Specifically, Plaintiff asserted three claims for relief against Defendants Associate Warden Tara Carpenter, Caseworker Dwayne Baze, Caseworker Kelly Belanger, Warden Renee Baker, Caseworker William Moore, Associate Warden Quentin Byrne, Officer Ranaldo Waldo, Officer James Donnelley, Ricky Hill, Medical Staff Jane/John Doe(s) I-IX, and Officers Richard/Racheal Roe(s) IIX. (*Id.* at 2-4.) Polk sought declaratory, injunctive, and monetary relief. (*Id.* at 24-27.)

        Pursuant to 28 U.S.C. § 1915A(a), the court screened Polk's complaint on October 2, 2017. (ECF No. 15). The court determined only the following claims stated a cause of action: (1) the retaliation claim against defendants Ranaldo Waldo ("Waldo") and James Donnelly ("Donnelly") contained in Count I; and, (2) the deliberate indifference claim against defendants John and Jane Doe contained in Count III. (ECF No. 15.) Polk was given thirty days leave to file an amended complaint to cure other deficiencies noted in the screening order. (*Id.*) Polk failed to file an amended complaint and therefore the above claims are all that remain in this action.

        Following the entry of the screening order, the case was stayed and submitted to the Early Inmate Mediation program. (ECF No. 17). The mediation took place in February 2018, however, the parties were unable to settle the dispute. (ECF No. 25). At that point, the stay was lifted and the litigation proceeded.

        B.      Factual Background Related to Count I

        In Count I, Polk assert he "was attempting to utilize the state prison grievance system and judicial process in order to rectify various illegalities being perpetrated." (*Id.* at

2

5.) Certain prison staff knew of Polk's use of the grievance process and began to harass, retaliate, and exploit Plaintiff through an ineffective remedial process. (*Id.*) According to the complaint, Polk is often referred to as a "writ writer" or "litigious" and was deemed "problematic" or "incorrigible" for filing grievances. He asserts this directly impacted his employment opportunities while being incarcerated. (*Id.* at 5-6.)

On April 1, 2015, upon entering the cafeteria at LCC, Polk alleges he was approached by Waldo who requested that Polk "tuck in [his] shirt." (*Id.* at 6.) Polk replied that "[his] shirt is tucked in. So why are you harassing me?" (*Id.*) This prompted Donnelley to examine Plaintiff and determine Plaintiff's shirt was not "tucked in." (*Id.*) As a result, Polk was handcuffed and sent to solitary confinement rather than being sent back to his unit. (*Id.* at 6-7.) Polk alleges Defendants Waldo and Donnelley acted in an exaggerated manner because of lawsuits Plaintiff had filed against them. (*Id.* at 7.) In addition, he claims Defendants Waldo and Donnelley fabricated and falsely accused Plaintiff of disciplinary infractions to justify his placement in solitary confinement (administrative segregation). (*Id.*)

C.    Defendants' Motion for Summary Judgment

On April 16, 2018, Defendants Waldo and Donnelly filed a motion for summary judgment for Count I. (ECF No. 34.) The motion for summary judgment was made prior to any discovery being conducted. In the motion, Defendants argue Polk failed to exhaust his administrative remedies with respect to "any" of the claims asserted in the complaint. (*Id.*) In support of this position, Defendants attached four exhibits. The first exhibit is an internal tracking report that purports to track all of the grievances filed by Polk between the 2015 to 2016 time frame. (*See* ECF No. 34-1). This document does not specifically reference what Polk stated in any of his grievances during this time period. Rather, it simply provides the grievance number, the date the grievance was received, the type of grievance, who it was assigned to, and provides a summary of the different *responses* provided by the prison staff in response to the different grievances. (*See e.g.*, ECF No. 34-1, p. 1). In total, eleven grievances are detailed on this document. (*Id.*, pp. 2-12).

Of these eleven grievances, Defendants provided the underlying backup documentation – i.e., copies of the actual grievances for only ONE grievance listed on Exhibit A. (*See* ECF No. 34-2). This back up documentation related only to grievance ending in x04044. The third exhibit included the NDOC grievance policy and the final exhibit contained an authenticating affidavit for the submitted exhibits.

In response, Polk filed various documents, which included affidavits and motions, which were considered and reviewed by the court. (*See* ECF Nos. 37, 38, 40). In these various filings, Polk made various arguments related to his exhaustion of administrative remedies. For example, he argued he either filed, or made various attempts to file, both regular and emergency grievances that were rejected. (*See* ECF No. 37). He also asserted that he would have filed certain grievances earlier but for the fact that he had limited access to his personal property. Of significance, Polk argued that he had exhausted his administrative remedies by filing a specific grievance ending in x11909. (*See* ECF No. 40).

Defendants replied claiming that grievance x11909 did not relate to any of the facts contained in Count I of the complaint. (ECF No. 42). Thus, this grievance did not exhaust Polk's administrative remedies related to that claim. (*Id.*) Furthermore, Defendants argued Polk's reason for not filing his grievance sooner is moot, because under the operational procedures of ESP, inmate's legal property is not subject to limitation while the inmate is housed in the infirmary. (*Id.*) Defendants attached a second Exhibit A, which contained only the backup documentation related to grievance x11909. (ECF No. 42, Ex. A, pp. 10-21).

## II.    LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary

1    judgment motion only by setting forth specific facts that illustrate a genuine dispute

2    requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at

3    324. Although the nonmoving party need not produce authenticated evidence, Fed. R.

4    Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the

5    material facts" will not defeat a properly-supported and meritorious summary judgment

6    motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

7         For purposes of opposing summary judgment, the contentions offered by a *pro se*

8    litigant in motions and pleadings are admissible to the extent that the contents are based

9    on personal knowledge and set forth facts that would be admissible into evidence and

10   the litigant attested under penalty of perjury that they were true and correct. *Jones v.*

11   *Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

12   **III.   DISCUSSION**

13        Defendants argument for summary judgment is premised entirely upon the

14   assertion that Polk did not properly exhaust available administrative remedies. (ECF No.

15   34 at 4-7.) To prevail on the motion for summary judgment, Defendants must first meet

16   their initial burden of establishing that there are no issues of fact that surround this issue.

17   However, Defendants have failed to meet this burden. First, Defendants assert that "[a]

18   review of [Polk's] grievance history demonstrates that Inmate Polk failed to file a single

19   grievance regarding the alleged retaliatory acts of Defendants." (ECF No. 34 at 6.)  In

20   support of this argument, Defendants proffer Exhibit A to the motion, entitled "Inmate

21   Grievance History." This document does not contain the information Defendants claim it

22   does. Contrary to Defendants representations, this document does not provide any

23   substantive information related to the grievances actually filed by Polk. There is no

24   summary information related to what was contained in the grievance nor is there any

25   specific information related to what Polk actually attempted to grieve. Rather, as noted

26   above, this document is nothing more than a summary of the various grievances filed. It

27   provides the numbers assigned to the grievances, the dates they were filed, they type of

28   grievance, who the grievance was assigned to and the like. Moreover, it contains the

summary of the *responses* made by NDOC to the grievances filed. However, this document does not establish what Polk actually stated in his grievances in order to permit the court to conclude that NO grievance was actually filed that raised the issued asserted in Count I of the complaint.[1]

Importantly, a review of this document shows that there is at least some indication that Polk may have, in fact, filed a grievance pertinent to the facts and allegations within Count I. (*See* ECF No. 34 at Ex. A – 003.)  For example, in relation to grievance ending in number x09011, the "proposed response" described to the "informal grievance" appears to specifically reference claims made by Polk that he was transferred in "furtherance of a retaliatory scheme/campaign being orchestrated against grievance." (*Id.*, p. 4). The document also states, "See attached 3 pages." (*Id.*) However, those three pages were not provided by Defendants to the court nor was the underlying information related to this grievance provided to the court for review.

Although there are a total of eleven grievances identified in Exhibit A to the motion, Defendants failed to provide the underlying backup documentation for nine of those grievances, which would have included the physical copies of the grievances filed by Polk. Rather, Defendants provided the backup information for only *one* of those grievances as Exhibit B to the motion related to grievance ending in number x04044. (ECF No. 34-2). In addition, attached to the amended reply brief, Defendants provided the backup document for grievance ending in number x11909. (ECF No. 42, Ex. A). However, Defendants failed to provide any other backup documents. Without the balance of the information related to each grievance, Defendants cannot establish that there are is no issue of fact related to whether Polk properly filed a grievance related to the claims in Count I.

Aside from this, Defendants' motion is also premature. Pursuant to Rule 56, a party can file a motion for summary judgment "at any time" and does not have to wait for

---

[1]    It is also unclear whether Exhibit A contains the grievance history for any emergency grievances filed by Polk that were not considered or rejected.

discovery to commence or conclude.  Fed. R. Civ. P. 56.  However, such motions generally should not be made before there has been adequate time for discovery, "particularly when the moving party has exclusive access to the evidence necessary to support the nonmoving party's claims."  *Ferm v. Crown Equity Holdings, Inc.*, 2011 U.S. Dist. LEXIS 84433, 2011 WL 3300210 (quoting *Phongsavane v.* Potter, No. CIV.A. SA-05-CA-0219-XR, 2005 U.S. Dist. LEXIS 12439, 2005 WL 1514091, at *5 (W.D. Tex. June 24, 2005)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1100 n.15 (9th Cir. 2009); *Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).

Discovery in this case has not yet commenced. Thus, Polk has not had a meaningful opportunity to conduct discovery.  *Moore v.* Hubbard, No. CIV S-06-2187-FCD-EFB, 2009 U.S. Dist. LEXIS 20513, 2009 WL 688897 at *1 (E.D. Cal., Mar. 13. 2009). As it appears NDOC has primary, if not exclusive access, to the evidence related to Polk's grievance history, filing the motion for summary judgment prior to any discovery taking place renders it nearly impossible for Polk to meet his ultimate burden of persuasion that there is a genuine issue of fact surrounding these issues. Therefore, for all of the above reasons, the court recommends that Defendants' Motion for Summary Judgment be denied.[2]

///

---

[2]    It appears to be a common practice when representing employees of the NDOC in prisoner civil rights litigation for the attorneys at the Nevada Attorney General's Office to file motions for summary judgment prior to any discovery taking place. While this practice is not prohibited, it should be done with caution and the attorney making the filing must be sure to include all of the appropriate evidence and legal and factual citations to support their motion. On more than one occasion, such filings received by this Court have been incomplete, sloppy, and, in some cases, such as this, have failed to properly provide the Court with *all* evidence related to the particular issue – in spite of representations to the contrary. The Court cautions the Nevada Attorney General's Office from filing motions for summary judgment in the future that are incomplete, improperly cited, fail to provide the Court with all information necessary to properly rule on such motions, or that are obviously premature.

1

## IV.    CONCLUSION

2

For good cause appearing and for the reasons stated above, the court recommends

3

that Defendants' motion for summary judgment (ECF No. 34) be denied.

4

The parties are advised:

5

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

6

Practice, the parties may file specific written objections to this Report and

7

Recommendation within fourteen days of receipt.  These objections should be entitled

8

"Objections to Magistrate Judge's Report and Recommendation" and should be

9

accompanied by points and authorities for consideration by the District Court.

10

2.      This Report and Recommendation is not an appealable order and any notice

11

of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District

12

Court's judgment.

13

## V.    RECOMMENDATION

14

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary

15

judgment (ECF No. 34) be **DENIED**.

16

**DATED**: January 7, 2019.

17

18

_____

19

**UNITED STATES MAGISTRATE JUDGE**

20

21

22

23

24

25

26

27

28