3   UNITED STATES DISTRICT COURT

4   DISTRICT OF NEVADA

5   * * *

6   RENARD T. POLK,                           Case No. 3:16-cv-00652-MMD-CBC

7                        Plaintiff,           ORDER
    v.
8
    RANALDO WALDO, *et al.*,
9
                         Defendants.
10

11  **I.    SUMMARY**

12  *Pro se* Plaintiff Renard T. Polk alleges violations of his First, Eighth and Fourteenth
13  Amendment rights under 42 U.S.C. § 1983 because of the way he was treated by
14  corrections officers and prison officials while in the custody of the Nevada Department of
15  Corrections ("NDOC") at Lovelock Correctional Center ("LCC") and Ely State Prison
16  ("ESP"). (ECF No. 16.) Following the Court's prior order screening his Complaint, Plaintiff's
17  case consists of a First Amendment retaliation claim and an Eighth Amendment deliberate
18  indifference to safety claim. (ECF No. 15 at 13-14.) Before the Court is the Report and
19  Recommendation ("R&R" or "Recommendation") of Magistrate Carla Baldwin Carry (ECF
20  No. 52) recommending the Court deny Defendants James Donnelly and Ranaldo Waldo's
21  motion for summary judgment ("Motion") (ECF No. 34).[1] Defendants filed an objection
22  ("Defendants' Objection") to the R&R (ECF No. 60), and Plaintiff filed a response
23  ("Plaintiff's Response") to Defendants' Objection (ECF No. 61). As further explained
24  below, the Court agrees with the R&R because Defendants did not meet—and have not
25  met—their summary judgment burden to show Plaintiff failed to exhaust his administrative

---

[1] Plaintiff filed two affidavits in lieu of a response to Defendants' summary judgment motion (ECF No. 37, 38), and Defendants filed a reply (ECF No. 42).

remedies regarding his First Amendment retaliation claim. Thus, the Court will accept the R&R and overrule Defendants' Objection.

## II. BACKGROUND

### A. Relevant Facts

As discovery has not yet begun in this matter, the Court refers to its prior description of the relevant facts in the screening order regarding Count I (ECF No. 15 at 4-5) and Count III (*id.* at 9-10).

To briefly restate, Count I alleges in relevant part that Waldo and Donnelley approached Plaintiff in the LCC cafeteria, falsely accused him of not having his shirt tucked in, and then took him to solitary confinement to retaliate against Plaintiff because he had previously filed lawsuits against them, in violation of his First Amendment rights. (*Id.* at 4.) Count III alleges in relevant part that Plaintiff submitted an emergency grievance to staff member Jane Doe I and prison official John Doe I at ESP because he had become afraid that his cellmate would harm him, and requested a transfer. (*Id.* at 9.) Jane Doe I and John Doe I took no action on his emergency grievance. (*Id.*) Not long after his emergency grievance was ignored, Plaintiff's cellmate attacked him with a makeshift knife. (*Id.*) Plaintiff suffered a broken hand and wounds to his face. (*Id.*) Thus, Plaintiff alleges Jane Doe I and John Doe I showed deliberate indifference to his safety in violation of his Eighth Amendment rights. (*Id.* at 9-10)

### B. Summary Judgment Proceedings

Defendants Waldo and Donnelley moved for summary judgment as to Plaintiff's First Amendment retaliation claim in Count I only, on the exclusive basis that Plaintiff failed to exhaust his administrative remedies before filing suit. (ECF No. 34.) Judge Carry recommended denying Defendants' Motion because they failed to meet their burden to show that Plaintiff failed to exhaust as a matter of law based on the undisputed facts. (ECF No. 52 at 6.) More specifically, Judge Carry explained in the R&R that Defendants failed to establish Plaintiff never grieved his First Amendment retaliation claim because they supported their Motion with incomplete information about Plaintiff's grievances. (*Id.* at 6-

8.) Thus, Judge Carry could not verify Plaintiff had never grieved—and therefore failed to exhaust—his First Amendment retaliation claim because she could not read all of Plaintiff's grievances. (*Id.* at 7.) Further, Judge Carry pointed out that one of Defendants' exhibits included a note that Plaintiff was transferred in "furtherance of a retaliatory scheme/campaign being orchestrated against grievance," which suggested Plaintiff may have exhausted his administrative remedies regarding his First Amendment retaliation claim. (*Id.*) Finally, Judge Carry noted Defendants' motion was premature—though not prohibited—because discovery has not even begun in this case. (*Id.* at 7-8.)

Defendants' Objection is basically what their Motion should have been. They attached what appears to be Plaintiff's full grievance history, and more specifically explained what each of Plaintiff's grievances was about, how NDOC responded to each and why, and the procedural reasons why Defendants contend some of those grievances were not fully exhausted. (ECF No. 60.) Defendants reassert they are entitled to summary judgment on Plaintiff's First Amendment retaliation claim because he failed to first exhaust his administrative remedies by never grieving it. (*Id.*)

In Plaintiff's Response, he argues in relevant part that he fully exhausted his First Amendment retaliation claim either through grievance # 2006-30-06304 ("Grievance 304") (ECF No. 61 at 5), grievance # 2006-30-11909 ("Grievance 909") (ECF No. 61 at 6), or his Emergency Grievance (*id.* at 7 (citing to ECF No. 37 at 26-27)). In the portion of his Emergency Grievance Plaintiff relies on (ECF No. 61 at 7), Plaintiff asserts that ESP is unlawfully exercising custodial authority over him, and he is being unlawfully imprisoned (ECF No. 37 at 26). However, that page of the Emergency Grievance says, 'page one of three,' and the other two pages do not appear to have been submitted to the Court.

### III. LEGAL STANDARDS

#### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is

required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the Court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed). In light of Defendants' Objection, the Court will conduct a *de novo* review of Judge Carry's R&R and the underlying summary judgment briefing.

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to

raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.     DISCUSSION**

The Court agrees with Judge Carry that Defendants did not carry their summary judgment burden to demonstrate Plaintiff failed to exhaust his administrative remedies regarding his First Amendment retaliation claim, and will therefore accept and adopt in full Judge Carry's Recommendation to deny Defendants' Motion.

Defendants' Motion is entirely premised on exhaustion. (ECF No. 34.) The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted §

1997e(a) as "requir[ing] proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which "demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. Proper exhaustion requires "a grievant [to] use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). "[W]hen a prison's grievance procedures are silent or incomplete as to factual specificity, a grievance suffices [for exhaustion purposes] if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 1120 (internal quotation marks and citation omitted).

But "[f]ailure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). Defendants may meet their burden by "prov[ing] that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. Once met, the burden shifts to the inmate to show that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* Defendants, however, retain "the ultimate burden of proof." *Id.*

Defendants have failed to carry their burden up to this point in this litigation, whether under the PLRA or summary judgment standard. Defendants' Objection tacitly concedes that Judge Carry's Recommendation is correct because it takes a much more thorough approach—and includes much more evidence—in attempting to establish Plaintiff failed to exhaust. Even still, it does not persuade the Court to reject Judge Carry's Recommendation on the basis of the new evidence submitted with Defendants' Objection. For example, in Plaintiff's Response, he points to Grievance 304, Grievance 909, and his Emergency Grievance, stating that any one of them suffices for exhaustion purposes regarding his First Amendment retaliation claim. (ECF No. 61 at 5-7.) Grievance 304 discusses a "retaliatory scheme being committed and orchestrated against the grievant." (ECF No. 60-3 at 5.) Grievance 909 includes the phrase "retaliatory transfer." (ECF No. 60-9 at 8.) And the Court is unable to review two pages of the Emergency Grievance.

(ECF No. 37 at 26.) Drawing all inferences in Plaintiff's favor—as the Court must at this stage—these grievances *may* suffice to alert "the prison to the nature of the wrong for which redress is sought." *Griffin*, 557 F.3d at 1120. Further, while Defendants argue Plaintiff did not exhaust his First Amendment retaliation claim through Grievance 304 because he failed to properly proceed through NDOC's entire appeals process (ECF No. 60 at 26), Plaintiff responds with various arguments as to why he was not required to complete that appeals process to have properly exhausted (ECF No. 61 at 3-10.)

In sum, genuine disputes of material fact stand in the way of the Court resolving Defendants' exhaustion defense to Plaintiff's First Amendment retaliation claim at this time. Indeed, and especially considering that discovery has not even begun in this case, the parties may benefit from the factual development of their claims and defenses that discovery facilities. Further, filing a renewed motion for summary judgment at some later time may help focus Defendants' exhaustion arguments in light of Plaintiff's Response.

For these reasons, the Court accepts and adopts the R&R, and denies Defendants' Motion.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion and R&R before the Court.

It is therefore ordered that the Magistrate Judge's Report and Recommendation (ECF No. 52) is accepted and adopted in full. Defendants' motion for summary judgment (ECF No. 34) is denied. Defendants' Objection (ECF No. 60) to the Report and Recommendation is overruled.

DATED THIS 14th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE