# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RENARD T. POLK,<br><br>                Plaintiff,<br>v.<br><br>TARA CARPENTER, *et al.,*<br><br>                Defendants. | 3:16-cv-00652-MMD-CBC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff Renard T. Polk ("Polk") against various defendants who are known, and in some cases unknown, current and/or former employees of the Nevada Department of Corrections ("NDOC"). Currently pending before the court is a partial motion for summary filed by Polk against Defendants James Donnelly ("Donnelly") and Ronald Waldo ("Waldo") (collectively "Defendants") (ECF No. 63). Defendants opposed (ECF No. 67), and Polk replied (ECF No. 72). For the reasons stated below, the court recommends that Polk's partial motion for summary judgment (ECF No. 63) be denied.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Polk is currently in the custody of NDOC. On November 9, 2016, Polk submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 together with an application to proceed *in forma pauperis*. In the complaint, Polk asserted various claims against multiple defendants for events that took place at Lovelock Correctional Center ("LCC") and Ely State Prison ("ESP") in approximately 2015. (ECF No. 1-1 at 1). Pursuant to 28 U.S.C. § 1915A(a), the court screened Polk's complaint on October 2, 2017. (ECF No. 15). The court allowed Polk to proceed on the following causes of action: (1) the retaliation claim

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

against defendants Waldo and Donnelly contained in Count I; and, (2) the deliberate indifference claim against defendants John and Jane Doe contained in Count III. (ECF No. 15.) Polk was given thirty days leave to file an amended complaint to cure other deficiencies noted in the screening order. (*Id.*) Polk failed to file an amended complaint and therefore the above claims are all that remain in this action.

Following the entry of the screening order, the case was stayed and submitted to the Early Inmate Mediation program. (ECF No. 17). The mediation took place in February 2018, however, the parties were unable to settle the dispute. (ECF No. 25). At that point, the stay was lifted and the litigation proceeded.

On April 16, 2018, Defendants filed a motion for summary judgment arguing that Polk failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") with respect to the allegations in the first cause of action. (ECF No. 34). This court recommended that the Defendants' motion for summary judgment be denied because Defendants failed to meet their burden to show Polk failed to exhaust as a matter of law based on the undisputed facts. (*See* ECF No. 52). Specifically, this court found Defendants failed to establish Polk never grieved his First Amendment retaliation claim because Defendants supported their Motion with incomplete information about Polk's grievances. (*Id.*) Thus, the court could not verify that Polk had never grieved—and therefore failed to exhaust—his First Amendment retaliation claim because the court could not read all of his grievances. (*Id.*) The District Court adopted and accepted the Report and Recommendation, and accordingly denied the Defendants' motion for summary judgment. (*See* ECF No. 62).

Following the District Court's order denying Defendants' motion for summary judgment, Polk filed the instant partial motion for summary judgment (ECF No. 63).

## II.     LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly

grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re*

*Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

### III.   DISCUSSION

Polk now argues he is entitled to partial summary judgment based upon the premise that because the Court denied Defendants' motion for summary judgment, there are no uncontested genuine issues of material fact in this case. (*See* ECF No. 63). Polk's motion does not present evidence he has exhausted his administrative remedies as to his First Amendment claim. Instead he makes the incorrect assumption that because Defendants' motion for summary judgment was denied, the disputed facts were resolved in his favor. However, the disputed facts were not decided in favor of either party. The Order adopting and accepting the Report and Recommendation found there are genuine issues of material fact preventing the Court from resolving the Defendants' exhaustion defense. (ECF No. 62). Because genuine issues of material fact still exist as to the Defendants'

exhaustion defense, Polk's partial motion for summary judgment (ECF No. 63) should be denied.

### IV. CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends that Polk's partial motion for summary judgment (ECF No. 63) be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Polk's partial motion for summary judgment (ECF No. 63) be **DENIED**.

**DATED**: August 19, 2019.

_____
UNITED STATES MAGISTRATE JUDGE