AARON D. FORD
  Attorney General
CHARLES H. ODGERS, Bar No. 8596
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel: (775) 684-1261
E-mail: codgers@ag.nv.gov

*Attorneys for Defendants*
*James Donnelly*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RENARD T. POLK,<br><br>          Plaintiff,<br><br>vs.<br><br>TARA CARPENTER, et al.,<br><br>          Defendants. | Case No. 3:16-cv-00652-MMD-VPC<br><br>**MOTION FOR ENLARGEMENT OF TIME FOR DEFENDANT TO FILE HIS REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS RONALD WALDO (ECF NO. 101)** |

    Defendant, James Donnelly, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Charles H. Odgers, Deputy Attorney General, hereby move this Court for an order enlarging the time to file his reply to Plaintiff's Opposition to Motion to Dismiss Ronald Waldo (ECF No. 101). This Motion is made pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. Proc.") 6(b) and is based upon the following Points and Authorities and all pleadings and papers on file herein. This Motion is made in good faith and not for the purposes of undue delay.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    NATURE OF MOTION**

    The Defendants submit there is good cause to enlarge the time for Defendant to file his reply to Plaintiff's Opposition to Dismiss Ronald Waldo (EFC No. 101).

**II.    ARGUMENT**

    Fed. R. Civ. P. 6(b) grants this Court discretion to enlarge the period of time in which an act is to be done. Fed. R. Civ. P. 6(b)(1)(b) provides in pertinent part:

1

> When by these rules . . . or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.

The time for Defendants to respond to the Plaintiff's opposition has expired. The request for enlargement is timely because defense counsel has recently been given numerous new cases and/or transferred cases from attorneys that have left the office. Defense Counsel has been diligent in preparing responses and other pleadings in this and other cases. This Reply was drafted by the undersigned on September 18, 2019 in its entirety. However, it appears that it was never sent to counsel's secretary to file. It is the sole responsibility of counsel. In preparing other briefing in this case, it became apparent that an error had occurred and counsel learned today that in fact counsel did not send the brief to be filed. Attached for the Court's review is the Reply Brief for which this motion is based and Counsel respectfully requests this Court grant this motion.

This request for enlargement of time is made in good faith and not for the purpose of delay.

### III.      CONCLUSION

Based on the foregoing the Defendant respectfully submits that the Court should grant the Defendants' motion and enter an Order enlarging the time to file the attached Reply Brief.

DATED this 1st day of October, 2019.

AARON D. FORD
Attorney General

By: _____
CHARLES H. ODGERS, Bar No. 8596
Deputy Attorney General

*Attorneys for Defendant*

**IT IS SO ORDERED.**

_____
U.S. MAGISTRATE JUDGE

DATED: 10/3/2019

2

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 1st day of October, 2019, I caused to be served electronically via the CM/ECF, the foregoing, **MOTION FOR ENLARGEMENT OF TIME FOR DEFENDANT TO FILE HIS REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS RONALD WALDO (ECF NO. 101),** to the following:

Renard T. Polk, #72439
Ely State Prison
P.O. Box 1989
Ely, NV 89301

/s/ Connie Jones
An employee of the
Office of the Attorney General

# EXHIBIT A

## Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Ronald Waldo

# EXHIBIT A

AARON D. FORD
  Attorney General
CHARLES H. ODGERS, Bar No. 8596
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1259
E-mail: codgers@ag.nv.gov
*Attorneys for Defendant*
*James Donnelly*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RENARD T. POLK,<br><br>Plaintiff,<br><br>vs.<br><br>TARA CARPENTER, et al.,<br><br>Defendants. | Case No. 3:16-cv-00652-MMD-CBC<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS RONALD WALDO (ECF NO. 101)** |

Defendant, James Donnelly, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Charles H. Odgers, Deputy Attorney General, hereby files this Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Ronald Waldo (ECF No. 101) for failure to serve pursuant to Fed. R. Civ. P. 4(m). This reply is made and based on the attached Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  LEGAL ARGUMENT**

   **A.  THE OFFICE OF THE ATTORNEY GENERAL IS NOT THE ATTORNEY OF RECORD FOR MR. WALDO AND THE ATTORNEY GENERAL'S OFFICE HAS NOT MADE A GENERAL APPEARANCE ON BEHALF OF MR. WALDO.**

Plaintiff alleges the undersigned represents Mr. Waldo. ECF No. 101, p. 1, ll. 22-28. To be clear, the undersigned has not entered a general appearance on behalf of Mr. Waldo, nor is the Office of the Attorney General providing legal services for an unserved party. Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specific time.

1

1  In preparation to take a matter to trial, it is common to dismiss unserved parties. In this case, Plaintiff's Motion for Default required a response by Defendant Donnelly. *See* LR7-2(d)("[...] The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.") The undersigned filed the opposition and filed the motion to dismiss Mr. Waldo because Plaintiff failed to provide proof of service of the summons and complaint. *See* Fed. R. Civ. P. 4(m) *supra*. This does not make the undersigned, Mr. Waldo's attorney, nor is the undersigned representing Mr. Waldo.

### B. DEFENDANT DONNELLY IS NOT MR. WALDO'S PRINCIPAL.

Plaintiff next asserts that Defendant Donnelly is acting as the principal for Mr. Waldo. ECF No. 101, p. 2, ll. 4-7. Besides having no basis in truth or fact, Plaintiff fails to cite any case law or statutory provision supporting his proposition. Rather, Plaintiff cites to NRS 77.40, which defines a "commercial registered agent", which has no applicability to the argument being pursued by Plaintiff. As such his citation to and reliance upon NRS 77.40 is misplaced at best.

### C. LEGAL ARGUMENTS ARE NOT HEARSAY AND THE COURT IS ENTITLED TO TAKE JUDICIAL NOTICE OF FILINGS IN THIS CASE.

Plaintiff's next argument is the Court cannot accept legal arguments from counsel as it constitutes hearsay. ECF No. 101, p. 2, ll. 13-28, p. 3, ll. 9. Plaintiff seems to assert that relying upon the record of documents filed in this case, including the return of service showing inability to serve Mr. Waldo, is hearsay. *Id.*

The Court may take judicial notice of documents filed within a case. FEDERAL RULES OF EVIDENCE 201 provides, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The corollary to that is the absence of documents filed in a case supports the proposition that they have not been filed. Defendant relied upon the U.S. Marshal's Summons Return to support his claim that Mr. Waldo was not served. Unless Plaintiff is questioning the U.S. Marshal Service integrity, Defendant asserts this source of information cannot be reasonably questioned.

1    Importantly, Plaintiff fails to establish he received consent to service by other means. *See* Fed.
2    R. Civ. P. 5(b)(2)(E). "A paper is served under this rule by: [...] sending it to a registered user by filing
3    it with the court's electronic-filing system or sending it by other electronic means that ***the person***
4    ***consented to in writing-in*** either of which events service is complete upon filing or sending, but is not
5    effective if the filer or sender learns that it did not reach the person served"). *Id.* (emphasis added).

6    The Court may take judicial notice there is no filing of a written consent to be served by
7    electronic means filed with the Court's electronic-filing system. The Court may also take note of the
8    lack of a copy of a writing, signed by Mr. Waldo to support Plaintiff's "declaration" that Mr. Waldo
9    consented to be "served with a copy of the summons and complaint through telecommunicated (sic)
10   means, or otherwise on April 4, 2018 @ 2:20 pm" as claimed in his Motion for Default. *See* ECF No.
11   94, p. 2, ll. 3-6. Fed. R. Civ. P. 4(l)(1) requires proof of service to be made to the court, except service
12   by the U.S. Marshal, and the proof must be by the server's affidavit. *Id.* The Court is invited to take
13   judicial notice there is no evidence filed with the Court to prove service upon Mr. Waldo on April 4,
14   2018 at 2:20 pm. The Court may likewise take judicial notice of the lack of any motion filed by
15   Plaintiff and approved by the Court to provide served by other means. Fed. R. Civ. P. 5(b)(2)(F).

16   These are not hearsay statements, they are facts supporting the legal analysis in the motion, facts
17   which the FRE 201 specifically authorizes and invites this Court to take notice of. These are not
18   presumptions, these are the documents on file with the Court as required to prove the Court has
19   jurisdiction to enter Default against Mr. Waldo. Federal courts lack personal jurisdiction over a
20   defendant unless the defendant has been properly served in accordance with Rule 4. *Crowley v.*
21   *Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013). The burden in on the Plaintiff to prove service and he
22   fails to meet that burden.

23   This Court cannot enter Default against Mr. Waldo, because the Court does not have personal
24   jurisdiction over Mr. Waldo.
25   / / /
26   / / /
27   / / /
28   / / /

3

### D. THE MOTION FOR SUMMARY JUDGMENT WAS A RULE 12(b)(6) MOTION AND THE ATTORNEY GENERAL'S OFFICE HAD THE OBLIGATION TO FILE THE RULE 12(b)(6) MOTION BEFORE FILING AN ANSWER.

Plaintiff's next claim is Mr. Waldo's "appearance has been generally had through 'consent[ing]' to the Attorney General's legal representation following an unsuccessful summary judgment and subsequent answer to the complaint." ECF No. 101, p. 3, ll. 10-16.

On November 5, 2017, the Court entered an order requiring the Attorney General's Office to advise the Court within 21 days of whether it will enter a limited notice of appearance on behalf of the Defendants for the purpose of settlement. ECF No. 17, p. 3, ll. 5-9. The Court noted "[n]o defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance." *Id.*

Pursuant to that Order on December 5, 2017 the Attorney General's Office, filed its Notice of Limited Appearance. ECF No. 18. The case went through the Court-Ordered mediation on February 13, 2018. Mediation failed to resolve the case. ECF No. 23. On February 15, 2018 the Court entered an Order requiring the Attorney General's Office be served with the complaint (ECF No. 16) but cautioned this was not an acceptance of service. ECF No. 25, p. 2, ll. 13-16.

The February 15, 2018 Order also required the Attorney General's Office to file a notice of acceptance of service advising the Court and the Plaintiff for which defendant(s) the Attorney General's Office accepted service, the names of the defendants for whom service was not accepted and their last-known-addresses which was to be filed under seal. *Id.* p. 2, ll. 19-27.

Pursuant to the Order (EFC No. 25), on February 22, 2018, the Attorney General's Office filed the Notice of Acceptance of Service identifying acceptance of service for Defendant Donnelly only and not accepting service for Defendant Waldo. ECF No. 27. Defendant Waldo's last-known-address was filed under seal that same day. ECF No. 28.

On March 19, 2018 the Court entered a minute Order notifying Plaintiff the Attorney General's Office did not accept service upon Defendant Waldo and directed the Clerk to issue the Summons and provided guidance to Plaintiff on how to request service from the U.S. Marshal. ECF No. 31. That summons was issued on March 19, 2018. ECF No. 32.

///

The Court's February 15, 2018 Order also provided sixty days for the Attorney General's Office to file an Answer or other responsive pleading. ECF No. 25, p. 3, ll. 8-10. On April 16, 2018, the day the Answer or other dispositive motions was due, the Attorney General's Office filed the Motion for Summary Judgment where both Donnelly and Waldo were identified as the Defendants for purposes of this dispositive motion. ECF No. 34. Motion practice ensued and the Court entered an order denying the Summary Judgment Motion on March 14, 2019. ECF No. 62. As the Court denied the dispositive motion, the Attorney General's Office filed the Answer for the only Defendant it had accepted service for, Defendant Donnelly. ECF No. 64.

"Federal Rules of Civil Procedure do not expressly authorize or prohibit an attorney's limited scope appearance in a federal action." *Folta v. Winkle*, No. CV-14-01562-PHX-PGR (ESW), 2016 WL 4087103, at *1 (D. Ariz. July 28, 2016). Here the Court ordered the Attorney General's Office to make the limited appearance for the limited purpose of mediation. However, that limited scope was extended by virtue of the need to file a Rule 12(b)(6) motion on the theory of failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA").

PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983] ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e. Exhaustion is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

PLRA exhaustion requirement is not jurisdictional; rather, it creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. *See id.* at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Wyatt v. Terhune*, 315 F.3d 1108, 1117-19 (9th Cir.), *cert. denied sub nom.; Alameida v. Wyatt*, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. *Wyatt*, 315 F.3d at 1119. A district court may look beyond the pleadings in deciding a motion to dismiss for failure to exhaust administrative remedies. *Id.* at 1120 n. 14.

The underlying motion filed by Defendants in EFC No. 34 was a motion to dismiss for failure to state a claim under Rule 12(b)(6) because administrative exhaustion is mandatory and if Plaintiff failed to exhaust his administrative remedies, then the Court would have been required to dismiss the case, without prejudice. As matters outside the pleadings were to be considered on the motion, it was

1 | required to be treated as a motion for summary judgment under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P.
2 | 12(d).
3 |       NRS 41.0339 requires the Attorney General's Office to provide representation to employees and
4 | former employees of the State who are sued for actions taken as part of their official job duties. Certain
5 | requirements must be met, including a request for representation after the employee or former employee
6 | is served. *Id.* In this case, Mr. Waldo has never been served, nonetheless, the Attorney General's
7 | Office had a legal obligation to include Mr. Waldo in the motion for summary judgment as it was the
8 | first responsive pleading in this case and if granted, would have prevented the need for him to be served
9 | and it was in compliance with the mandates of NRS 41.0339.
10 |       The filing the Motion for Summary Judgment did not extend representation to Mr. Waldo. Mr.
11 | Waldo has not been served and he has not requested representation from the Attorney General's Office
12 | pursuant to NRS 41.0339. Plaintiff's opposition is without merit. Plaintiff's factually and legally
13 | unsupported claim that Defendant Donnelly waived and forfeited his right to oppose the Default Motion
14 | and to file the Motion to Dismiss for failure to serve must be rejected and denied.

### E. PLAINTIFF'S REQUEST TO EXTEND THE TIME TO SERVE MR. WALDO IS IMPROPER.

17 |       Plaintiff's final request, which is improper to be made in an Opposition, is that he be allowed
18 | the privilege of an extension of time to serve Mr. Waldo. ECF No. 101, p. 4, ll. 21-25.
19 |       Although pro se litigants are generally held to less stringent standards, "*pro se* litigants in the
20 | ordinary civil case should not be treated more favorably than parties with attorneys of record."
21 | *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). It is a plaintiff's responsibility to move the
22 | case toward disposition on the merits, *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996), and a *pro
23 | se* litigant must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d
24 | 565, 567 (9th Cir. 1986); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that "*pro se* litigants
25 | are bound by the rules of procedure").
26 |       Fed. R. Civ. P. 4(m) requires a defendant be served within 90 days after a complaint is filed. A
27 | court may dismiss an action without prejudice if the summons and complaint are not timely served on a
28 | defendant. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). However, Fed. R. Civ. P.

4(m) requires the court to extend the time for service if a plaintiff shows good cause for the failure to timely serve. *Id.* As a general matter, a showing of good cause requires more than simple inadvertence, mistake, or ignorance of the procedural rules. *Martin v. Longbeach*, 246 F.3d 674 (9th Cir. 2000). The Court has "broad discretion" to extend the time for service under Rule 4(m). *See Efaw*, 473 F.3d at 1040–41.

Plaintiff must support his request for additional time by showing what efforts he took to obtain information on the location of the defendant to be served. *McIntyre v. Naphcare, Inc.*, 2018 WL 5114128 *4 (Nev. 2018). This would include what efforts his family and friends, not incarcerated, may have taken to locate the missing defendant, including, but not limited to, a general internet search for the defendant to determine if there are other public records available to assist in locating the missing defendant.

Here, Plaintiff has made no showing of any efforts to locate Mr. Waldo. Plaintiff filed his motion for default alleging he made service and no response was received. Now in his reply to the opposition he claims he needs more time to serve Mr. Waldo, without a showing of good cause why he should receive any additional time. 491 days have lapsed since Plaintiff was notified that Mr. Waldo was not able to be served with the summons and complaint by the U.S. Marshal and his filing of his motion for default (April 17, 2018 and August 21, 2019). In that time, Plaintiff fails to explain what steps he has taken in an attempt to find and serve Mr. Waldo.

Good cause does not exist to grant Plaintiff an extension of time to serve Mr. Waldo. On that basis, his request for an extension to serve should be denied. Fed. R. Civ. P. 4(m).

## II. CONCLUSION

For all of the reasons stated herein, Defendant Donnelly respectfully requests this Court grant his motion to dismiss Ronald Waldo for Plaintiff's failure to serve pursuant to Fed. R. Civ. P. 4(m). Moreover, Defendant Donnelly respectfully requests this Court deny Plaintiff's request for additional

///
///
///
///

1 | time to serve Ronald Waldo. Finally, Defendant Donnelly respectfully requests this Court deny
2 | Plaintiff's Motion for Default.
3 |     DATED this 1st day of October, 2019.

AARON D. FORD
Attorney General

By: _____
CHARLES H. ODGERS, Bar No. 8596
Deputy Attorney General

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 1st day of October, 2019, I caused to be deposited for mailing in the U.S. Mail a copy of the foregoing, **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS RONALD WALDO (ECF NO. 101)**, to the following:

Renard T. Polk, #72439
Ely State Prison
P.O. Box 1989
Ely, NV 89301

_____
An employee of the
Office of the Attorney General