UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| RENARD T. POLK, | Case No. 3:16-cv-00652-MMD-CBC |
| Plaintiff, | ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARLA B. CARRY |
| v. | |
| TARA CARPENTER, *et. al.*, | |
| Defendants. | |

**I.  SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge Carla B. Carry (ECF No. 93) ("R&R" or "Recommendation") relating to Plaintiff's motion for partial summary judgment ("Motion") (ECF No. 63). Judge Carry recommended that the Court deny Plaintiff's Motion. Defendant James Donnelly filed a non-opposition to the R&R (ECF No. 95), and Plaintiff filed objections ("Objections") (ECF No. 98). The Court has reviewed Defendant's response (ECF No. 100).

**II.  BACKGROUND**

The Court incorporates the background and procedural history from the R&R. (*See* ECF No. 93 at 1-2.)

**III.  LEGAL STANDARD**

**A.  Review of the Magistrate Judge's Recommendations**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

In light of Plaintiff's Objections, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Carry's R&R. Upon

///

reviewing the R&R and records in this case, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.    DISCUSSION**

Judge Carry recommended denying Plaintiff's motion for partial summary judgment because Plaintiff did not present evidence that he has exhausted his administrative remedies as to his First Amendment claim. (ECF No. 93 at 4.) Plaintiff still does not adduce evidence that he exhausted his administrative remedies in his Objections. (*See* ECF No. 98 at 1-4.) Thus, Plaintiff has failed to demonstrate the absence of a genuine issue of material fact, just as Defendants failed earlier. (*See* ECF No. 62.) The Court will adopt Judge Carry's R&R and deny Plaintiff's Motion.

**V.    CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Carla B. Carry (ECF No. 93) is accepted and adopted in full.

It is further ordered that Plaintiff's Objections (ECF No. 98) are overruled.

It is further ordered that Plaintiff's motion for partial summary judgment (ECF No. 63) is denied.

DATED THIS 21st day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE