UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RENARD T. POLK,<br><br>Plaintiff,<br>v.<br><br>RANALDO WALDO, *et al.*,<br><br>Defendants. | Case No. 3:16-cv-00652-MMD-CLB<br><br>ORDER |

*Pro se* Plaintiff Renard T. Polk is permitted to proceed on a First Amendment retaliation claim and an Eighth Amendment deliberate indifference to safety claim under 42 U.S.C. § 1983. (ECF No. 15 at 13–14.) Before the Court are two motions relating to Defendant Ranaldo Waldo: (1) Plaintiff's motion for entry of Clerk's default ("Plaintiff's Motion") (ECF No. 94); and (2) Defendant James Donnelly's response (ECF No. 96) and motion to dismiss Defendant Waldo ("Defendant's Motion") (ECF No. 97).[1] For the reasons discussed herein, the Court denies both motions.

Plaintiff's Motion contends that Waldo has not responded or otherwise defended this action. (ECF No. 94.) Defendant responds that Plaintiff has failed to properly serve Waldo with process.[2] Defendant is correct that the Summons was returned unexecuted as to Waldo on April 17, 2018. (ECF No. 36.) However, the records reflect that counsel filed a motion for summary judgment on behalf of Waldo on April 16, 2018 (ECF No. 34), and submitted other filings unrelated to that motion on behalf of Waldo (*see e.g.* ECF No.

---

[1]The Court has reviewed Plaintiff's response to Defendant's Motion (ECF No. 101) and Defendant's reply in support of his Motion (ECF No. 114).

[2]Defendant's response, which is the same as his Motion, argues for dismissal of the claims against Waldo. However, Defendant lacks standing to bring a motion on behalf of Waldo.

39), without stating that counsel was making a limited or special appearance on behalf of Waldo. Only a year later, when counsel filed the answer, did counsel identify that the answer was filed only on behalf of Defendant Donnelly. (ECF No. 64.) Accordingly, the Court finds that it would be unfair not to extend the deadline for Plaintiff to serve process on Waldo and will give Plaintiff an extension of time to effectuate service of process on Waldo.

It is therefore ordered that Plaintiff's motion for Clerk's entry of default (ECF No. 94) is denied.

It is further ordered that Defendant James Donnelly's motion to dismiss (ECF No. 97) is denied.

It is further ordered that Plaintiff has until April 17, 2020, to serve Defendant Waldo. Failure to file proof of service by April 17, 2020, will result in dismissal of Waldo under Rule 4(m).

DATED THIS 10th day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE