UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RENARD T. POLK,<br><br>  Plaintiff,<br><br>v.<br><br>TARA CARPENTER, *et al.*,<br><br>  Defendants. | 3:16-cv-00652-MMD-CBC<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff Renard T. Polk ("Polk") against various defendants who are known, and in some cases unknown, current and/or former employees of the Nevada Department of Corrections ("NDOC"). Currently pending before the court is Defendant James Donnelly's motion to dismiss Doe Defendants. (ECF No. 102.) In opposition, Polk filed a motion for leave to file an amended complaint. (ECF Nos. 111/112.) Defendant responded (ECF No. 117), and Polk replied (ECF No. 119). For the reasons stated below, the court recommends that Defendant's motion to dismiss (ECF No. 102) be granted, and Polk's motion for leave to file an amended complaint and addendum (ECF Nos. 111/112) be denied.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

Polk is currently in the custody of NDOC. On November 9, 2016, Polk submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 together with an application to proceed *in forma pauperis*. In the complaint, Polk asserted various claims against multiple defendants for events that took place at Lovelock Correctional Center ("LCC") and Ely State Prison ("ESP") in approximately 2015. (ECF No. 1-1 at 1). Pursuant to 28 U.S.C. § 1915A(a), the court screened Polk's complaint on October 2, 2017. (ECF No. 15). The

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

court allowed Polk to proceed on the following causes of action: (1) the retaliation claim against defendants Waldo and Donnelly contained in Count I; and, (2) the deliberate indifference claim against defendants John and Jane Doe contained in Count III. (ECF No. 15.) Polk was given thirty days leave to file an amended complaint to cure other deficiencies noted in the screening order. (*Id.*) Polk failed to file an amended complaint and therefore the above claims are all that remain in this action.

On April 16, 2018, Defendant filed a motion for summary judgment arguing that Polk failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") with respect to the allegations in the first cause of action. (ECF No. 34). This court recommended that the Defendant's motion for summary judgment be denied because Defendant failed to meet his burden to show Polk failed to exhaust as a matter of law based on the undisputed facts. (*See* ECF No. 52). The District Court adopted and accepted the Report and Recommendation, and accordingly denied the Defendant's motion for summary judgment. (*See* ECF No. 62). Following the District Court's order denying Defendant's motion for summary judgment, Polk filed a partial motion for summary judgment (ECF No. 63), which was also denied (ECF Nos. 93, 116).

On April 4, 2019, Defendant Donnelly filed his answer. (ECF No. 64.) On April 5, 2019, the court entered its scheduling order, providing Polk until June 4, 2019 to amend his pleadings or join necessary parties. (ECF No. 65.) The discovery deadline was set for July 3, 2019. (*Id.* at 2.)

On May 10, 2019, Polk filed his first motion for enlargement of time to amend pleadings and join additional parties. (ECF No. 74.) On July 1, 2019, the court granted, in part, Polk's motion, extending the deadline to amend pleadings and join additional parties to July 31, 2019. (ECF No. 80.) The court further amended the discovery deadline to August 30, 2019 and the dispositive motion deadline to September 30, 2019. (*Id.* at 2.) The court noted that no further extensions of time would be granted. (*Id.*)

On July 31, 2019, the deadline to amend pleadings, Polk filed a second motion for enlargement of time to amend his complaint. (ECF No. 87.) The court denied the motion but allowed Polk to substitute the true names of the Doe Defendants if they were learned during the remainder of the discovery period. (ECF No. 92.)

On September 30, 2019, Defendant filed a motion to dismiss Doe Defendants for failure to substitute their true names. (ECF No. 102.) On October 4, 2019, Polk filed his motion for leave to file a first amended complaint. (ECF No. 111.) On October 16, 2019, Polk filed a motion for leave to file an addendum to his motion for leave to file a first amended complaint and a response to the motion to dismiss (ECF Nos. 112/113[2].) Defendant filed an opposition to the motion for leave to file a first amended complaint (ECF No. 117), and Polk replied (ECF No. 119).

## II.     LEGAL STANDARDS

### A.     Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended her complaint. *See id.* at 1052. The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight. *See id.* Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

When considering prejudice, the court may weigh against the movant the amended

---

[2]   ECF Nos. 112 and 113 are identical documents.

pleading's great alteration of the litigation's nature and its effect of requiring an entirely new course of defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Alone, such alteration is not fatal. *Id.* In contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

### B.     Motion to Dismiss

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6). The ruling is a question of law. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). The court is to grant dismissal when the complaint fails to "state a claim for relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or fails to articulate a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). When analyzing a motion under Rule 12(b)(6), courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While detailed factual allegations are not necessary, the complaint must offer more than "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and include sufficient facts "to give fair notice and to enable the opposing party to defend itself effectively". *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In conducting the dismissal analysis, the complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Sys./Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Moreover, the court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

## III.  DISCUSSION

### A.  Motion for Leave to File Amended Complaint

Polk has filed a motion for leave to file a first amended complaint (ECF No. 111) and a motion for leave to file an addendum to the motion for leave to file a first amended complaint (ECF No. 112).  Polk asserts that the purpose of the motions is to substitute the true names of Doe Defendants in his complaint.  However, a review of the proposed amended complaint shows that Polk is not only substituting the true names of Doe Defendants, but also adding additional allegations to the complaint, including adding additional claims against a defendant who was previously dismissed from the case.  (*Compare* ECF No. 16, *with* ECF Nos. 111-1, 111-2.)  As discussed above, the court gave Polk numerous opportunities to amend his complaint, but he failed to do so in the time allotted.  Specifically, Polk was instructed to substitute in the true names of Doe Defendants by the close of discovery in this matter, which was on August 30, 2019.  (ECF No. 92.)  Further, Defendant asserts, and Polk does not refute, that Polk has known the identities of the Doe Defendants since May 9, 2019 when he was served discovery responses related to the Doe Defendants.  (ECF No. 117.)  Thus, Defendant argues Polk's motion is untimely and not supported by good cause or excusable neglect.  The court agrees.

Polk was given numerous opportunities to both amend his complaint and substitute in Doe Defendants, but he failed to do so in a timely manner, and he has not shown good cause or excusable neglect for his delay. Dispositive motions have already been filed in this case and allowing Polk to amend his complaint this late in the litigation would unduly prejudice Defendant and further delay this case from proceeding.  Accordingly, the court recommends that Polk's motion to amend his complaint and the addendum (ECF Nos. 111, 112) be denied.

///

///

### B. Motion to Dismiss Doe Defendants

On September 30, 2019, Defendant filed his motion to dismiss Doe Defendants for failure to substitute their true names. (ECF No. 102.) Defendant argues that Polk had until the close of discovery, August 30, 2019, to amend his pleadings to substitute in the true names of the Doe Defendants. (ECF No. 74.) As discussed above, Polk failed to timely file any such amended pleading and because the court lacks personal jurisdiction over the Doe Defendants, as they have not been identified or served, the court recommends that the motion to dismiss be granted (ECF No. 102) and the Count III deliberate indifference claim against the Doe Defendants be dismissed.

## IV. CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends that Defendant's motion to dismiss (ECF No. 102) be granted and that the Count III deliberate indifference claim be dismissed. The court further recommends that Polk's motion for leave to file an amended complaint and addendum (ECF Nos. 111/112) be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///
///
///

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendant's motion to dismiss (ECF No. 102) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Count III deliberate indifference claim be **DISMISSED**; and

**IT IS FURTHER RECOMMENDED** that Polk's motion for leave to file a first amended complaint and addendum (ECF Nos. 111, 112) be **DENIED**.

**DATED**: _____April 6, 2020_____

_____
**UNITED STATES MAGISTRATE JUDGE**