UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RENARD T POLK, | Case No. 3:16-cv-00652-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| TARA CARPENTER, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Renard T Polk, an incarcerated person in the custody of the Nevada Department of Corrections ("NDOC"), brings this civil rights action under 42 U.S.C. § 1983. (ECF No. 16 ("Complaint").) Before the Court are the Reports and Recommendations ("R&Rs") of United States Magistrate Judge Carla Baldwin (ECF Nos. 135, 136) relating to Defendant James Donnelly's motions to dismiss and for summary judgment (ECF Nos. 102, 103), and Plaintiff's motions for leave to file an amended complaint and an addendum (ECF Nos. 111, 112). Judge Baldwin recommends that this Court grant Defendant's motions and deny Plaintiff's motions. (ECF No. 135 at 1; ECF No. 136 at 1.)[1] Plaintiff has filed an objection ("Objection") (ECF No. 137), and Defendant has responded (ECF Nos. 141, 142).[2] For the reasons stated below, the Court accepts and adopts the R&Rs in their entirety.

---

[1] Plaintiff also filed two motions for pretrial conference (ECF Nos. 121, 134) which Judge Baldwin recommends be denied as moot (ECF No. 136 at 1). The Court agrees that these motions should be denied and does not address them further.

[2] Plaintiff also filed a reply to Defendant's response (ECF No. 143), but because Plaintiff did not seek leave of Court before filing, the Court will not consider it. *See* LR IB 3-2.

## II.  BACKGROUND

Plaintiff was incarcerated at the Lovelock Correctional Center ("LCC") and Ely State Prison ("ESP") during the time relevant to this action. (ECF No. 1-1 at 1.) Following screening under 28 U.S.C. § 1915A(a), the Court permitted Plaintiff to proceed on two counts: retaliation (Count I) against Defendants Donnelly and Ronaldo Waldo[3]; and deliberate indifference against Doe Defendants (Count III). (ECF No. 15 at 4-6, 9-10.) The Court incorporates by reference Judge Baldwin's recitation of the factual and procedural background (ECF No. 135 at 1-3; ECF No. 136 at 1-3), which the Court adopts.

## III.  STANDARD OF REVIEW OF MAGISTRATE JUDGE'S R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that a court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

In light of Plaintiff's objection to part of the R&Rs, the Court conducts a *de novo* review to determine whether to adopt the rulings in the R&Rs to which Plaintiff objects. Having reviewed the R&Rs, the underlying briefs, and the accompanying exhibits, the

---

[3]Waldo was served on March 3, 2020 (ECF No. 132), and filed a joinder to Donnelly's answer to Plaintiff's Complaint on March 24, 2020 (ECF No. 133), after the motions addressed herein were fully briefed. Plaintiff asserts the same allegations against Waldo as against Donnelly in support of his retaliation claim. (ECF No. 16 at 5-7.) Waldo joined in Donnelly's motion for summary judgment after Judge Baldwin issued her R&R. (ECF No. 140.)

Court finds that the R&Rs should be accepted in full.

**IV.    MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF NO. 111)**

Judge Baldwin recommends that the Court deny Plaintiff's motion for leave to file an amended complaint to substitute the true names of Doe Defendants for his deliberate indifference claim because the motion is untimely, and the delay is not supported by good cause or excusable neglect. (ECF No. 135 at 5.) In the Objection, Plaintiff argues that Judge Baldwin erred in finding that the motion was untimely, contending that because Defendant filed a motion to dismiss after filing an answer, Fed.R.Civ.P. 15(a) "absolutely permits" him to amend his Complaint and substitute Doe Defendants regardless of the Court's deadlines. (ECF No. 137 at 8-9.)[4] The Court overrules Plaintiff's objection.

Fed.R.Civ.P. 15(a)(1) states that a party may amend a complaint "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), *whichever is earlier*." Fed.R.Civ.P. 15(a)(1) (emphasis added). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). An answer to a complaint is a responsive pleading. *See* Fed.R.Civ.P. 7(a)(2).

Here, the deadline for Plaintiff to amend his Complaint as a matter of course was April 25, 2019, 21 days after Donnelly filed his answer. (*See* ECF No. 64.) Plaintiff did not amend his Complaint by the deadline. Even so, Judge Baldwin granted Plaintiff leave to amend his Complaint by July 31, 2019, and subsequently gave Plaintiff until the close of discovery, August 30, 2019, to substitute the true names of Doe Defendants. (ECF No. 80; ECF No. 92 at 2.) However, Plaintiff did not file his motion for leave to amend until October 4, 2019, well after any applicable deadline. (*See* ECF No. 111.) Plaintiff has not

---

[4]To the extent that Plaintiff argues that he met the Court's deadline to amend because he "began depositing [his] motions for leave to amend and their respective addendums" on August 30, 2019 (ECF No. 137 at 3), Plaintiff offers no evidentiary support for this contention.

3

provided an explanation for this delay, and thus has failed to show that it was the result of good cause or excusable neglect. Moreover, allowing Plaintiff to amend his Complaint after the close of discovery and after dispositive motions have already been filed would prejudice Defendant. Therefore, the Court adopts Judge Baldwin's recommendation to deny Plaintiff's motions for leave to file a first amended complaint and an addendum.

## V.    MOTION TO DISMISS (ECF NO. 102)

Defendant seeks to dismiss Doe Defendants and Count III, which contains no allegation against Defendant Donnelly. (ECF N. 102 at 3.) Plaintiff failed to timely amend his Complaint to identify Doe Defendants. The Court therefore agrees with Judge Baldwin that it lacks personal jurisdiction over Doe Defendants as they cannot be identified or served. (*See* ECF No. 135 at 6); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). The Court adopts Judge Baldwin's recommendation to grant Defendant's motion to dismiss.

## VI.   MOTION FOR SUMMARY JUDGMENT (ECF NO. 103)

### A.    Legal Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th

4

Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

### B.   Discussion

Judge Baldwin recommends that the Court grant summary judgment on Plaintiff's retaliation claim because it is barred by the applicable statute of limitations and because Plaintiff failed to properly exhaust his administrative remedies. (ECF No. 136 at 5-13.) In the Objection, Plaintiff challenges both of these findings, asserting that the statute of limitations has not expired on his claim and that NDOC's grievance procedures were unavailable to him. (*Id.* at 11-17.) The Court addresses each argument in turn.

### A.   Statute of Limitations

Judge Baldwin concluded that Plaintiff failed to provide evidence supporting his contention that the events described in the Complaint occurred on April 1, 2015, and not on November 7, 2013, as Defendant alleges. (ECF No. 136 at 5-9.) Plaintiff objects to this finding, arguing that Judge Baldwin erred by not crediting his evidence that the events

5

occurred in April 2015. (ECF No. 137 at 11-14.) The Court sustains Plaintiff's objection.[5]

Section 1983 does not contain its own statute of limitations; therefore, federal courts borrow the statute of limitations for section 1983 claims applicable to personal injury claims in the forum state. *See Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012). In Nevada, the statute of limitations for personal injury claims, and therefore section 1983 actions, is two years. NRS § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).

Defendant argues the undisputed evidence establishes that the incident actually occurred on November 7, 2013. (ECF No. 103 at 9; *see also* ECF No. 16 at 5-7.) Defendant points to documents describing a November 2013 incident that is identical to the events Plaintiff alleges occurred in April 2015. (ECF No 103 at 9.) Like the events described in the Complaint, the "Investigation Detail Report" of the November 2013 incident details that Waldo asked Plaintiff to tuck in his shirt in the cafeteria, Plaintiff stated that his shirt was already tucked in, Donnelly examined Plaintiff and determined that his shirt was not tucked in, and Donnelly then placed Plaintiff in restraints. (*Compare* ECF No. 103-8 at 5-6, *with* ECF No. 16 at 6-7.) Additionally, the events described in "Disciplinary Form I – Notice of Charges" ("Disciplinary Form") are also similar to the events Plaintiff alleges in the Complaint. (*See* ECF No. 103-9 at 2.) Because the "Disciplinary Form" indicates that the appeals process for the incident was completed on December 20, 2013, Defendant argues that the statute of limitations expired on December 20, 2015, 10 months before Plaintiff began this action. (*Id.* at 9.)

However, in as much as Defendant argued that Plaintiff has provided no evidence

---

[5] Plaintiff makes other objections which do not affect the Court's analysis. First, Plaintiff incorrectly asserts that Defendant waived the statute of limitations defense by not including it in his initial summary judgment motion. (*See* ECF No. 137 at 2, 7); *see* Fed.R.Civ.P. 12(h)(1) ("A party waives any defense *listed in Rule12(b)(2)-(5)* . . ..") (emphasis added). Plaintiff also objects that NDOC's records are irrelevant and unauthenticated. (ECF No. 137 at 11-12.) But these records are relevant to determining the date of the alleged incident, and have been authenticated by David Drummond's declaration, (*See* ECF No. 107.) Additionally, to the extent Plaintiff argues that these records are inadmissible as hearsay (ECF No 137 at 5), Plaintiff is incorrect. *See* FRE 803(6). Finally, Plaintiff argues that the Court should apply a six-year statute of limitations but provides no authority for this assertion. (*See* ECF No. 137 at 10.)

to support the allegations in his Complaint, the Court disagrees. Plaintiff's Complaint is verified, and he was a witness to these alleged events; accordingly, he may rely on his own verified statements to create a factual dispute. *See Keenan v. Hall,* 83 F.3d 1083, 1090 n.1 (9th Cir. 1996) ("A verified complaint may be treated as an affidavit to oppose summary judgment to the extent it is based on personal knowledge and sets forth specific facts admissible in evidence."). In his Complaint, Plaintiff alleges that the incident with Defendants occurred on April 1, 2015. (ECF No. 16 at 5-7.) This competing evidence creates a genuine issue of material fact as to the date of the alleged incident. For this reason, the Court sustains Plaintiff's objection to Judge Baldwin's finding that Plaintiff's claim is barred by statute of limitations.

**B.     Exhaustion**

Judge Baldwin determined that even if the incident occurred in April 2015, summary judgment should still be granted because Plaintiff failed to properly exhaust his administrative remedies. (ECF No. 136 at 11.) More specifically, Judge Baldwin concluded there is no evidence that Plaintiff filed any grievances related to the alleged incident. (*Id.* at 12.) Plaintiff objects to this finding, arguing that the prison's grievance procedures were unavailable to him and that the "external third-party prison grievance complaint" ("Third-Party Complaint") he filed could meet the exhaustion requirements. (ECF No. 137 at 14.) Defendant responds that Judge Baldwin correctly found that Plaintiff provided no evidence that the prison's grievance procedures were unavailable, and that the Third-Party Complaint is not sufficient to meet exhaustion requirements. (ECF No. 142 at 8-9.) The Court agrees with Defendant.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted § 1997e(a) as "requir[ing] proper exhaustion," *Woodford v. Ngo,* 548 U.S. 81, 93 (2006), which "demands compliance with an agency's deadlines

and other critical procedural rules." *Id.* at 90. Proper exhaustion requires "a grievant [to] use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).

But "[f]ailure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). Defendant may meet his burden by "prov[ing] that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. Once met, the burden shifts to the inmate to show that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* Defendant, however, retains "the ultimate burden of proof." *Id.*

Here, as Defendant contends, there is no evidence in the record that Plaintiff filed any grievance regarding the alleged incident. Plaintiff also seemingly concedes that he did not file a grievance. (*See* ECF No. 137 at 14 (stating "the objector never claimed that grievance exhaustion requirements were fully met . . ..").) Additionally, while Plaintiff argues that the grievance procedures were unavailable to him, he provides no evidence supporting this assertion. (*See id.*) Moreover, Plaintiff's Third-Party Complaint only states that an issue was forwarded to the Inspector General's Office, but does not identify the issue, the persons involved, or any other relevant information. (*See* ECF No. 113 at 14.)[6] Because Plaintiff has failed to produce evidence that he filed any grievance related to the incident, the Court finds that his retaliation claim is unexhausted. Accordingly, the Court accepts and adopts Judge Baldwin's recommendation on Plaintiff's retaliation claim.

### VII. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases

---

[6]To the extent Plaintiff argues that he is entitled to additional discovery to obtain "the content of [the] external third-party complaint" because the Court did not allow him "an opportunity to at least attain the discoverable material" (ECF No. 137 at 5-6), this argument has already been rejected as Plaintiff did not make a good-faith effort to meet and confer with Defendant to resolve his discovery issues. (*See* ECF No. 92.)

not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the Reports and Recommendations of Magistrate Judge Baldwin (ECF No. 135, 136) are adopted and accepted in full.

It is further ordered that Plaintiff's Objection (ECF No. 137) is overruled.

It is further ordered that Defendant's motion to dismiss (ECF No. 102) is granted.

It is further ordered that Plaintiff's motion for leave to file a first amended complaint and an addendum (ECF Nos. 111, 112) are denied.

It is further ordered that Defendant's motion for summary judgment (ECF No. 103) is granted. Summary judgment is granted in favor of both Defendants Donnelly and Waldo.

It is further ordered that Plaintiff's motions for pretrial conference (ECF Nos. 121, 134) are denied.

The Clerk of Court is directed to enter judgment in favor of Defendants in with this order and close this case.

DATED THIS 22nd day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE